IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FRANCOISE CHRISTOPHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-500-JHP-SAJ |
| | ) | |
| **TULSA AMBASSADOR HOTEL, LLC,** | ) | |
| an Oklahoma Limited Liability Company, | ) | |
| | ) | |
| **Defendant.** | ) | |

## Order and Opinion

Before the Court are Defendant's Motion for Continuance of Trial Date, Plaintiff's Response, and Defendant's Reply thereto. For the reasons stated below, Defendant's Motion is GRANTED.

## Background

This case involves employment discrimination claims brought by Plaintiff Francoise Christopher against Defendant Tulsa Ambassador Hotel. In the course of discovery, Defendant took Plaintiff's deposition on August 24, 2006. During her deposition, Plaintiff admitted to having copied files from Defendant's computers onto several computer discs. (Def. Mot. Continuance Ex. 1 at 3). Plaintiff also admitted having removed at least one disc from Defendant's computer at the time of her departure. (Def. Mot. Continuance Ex. 1 at 2.) These discs were apparently the source of certain weekly reports allegedly prepared by Plaintiff while an employee with Defendant and produced previously as part of Defendant's discovery requests. (Def. Mot. Continuance Ex. 1 at 3). In response to Plaintiff's statements, counsel for Defendant specifically requested that counsel for Plaintiff produce the disc Plaintiff claimed to have

removed from her computer. (Def. Mot. Continuance Ex. 1 at 2.)

After numerous requests by Defendant relating to this and other discovery matters, Defendant eventually filed a Motion to Compel on October 16, 2006, noting that Plaintiff had failed to produce "[t]he computer discs she made at TAH containing weekly marketing reports," (Def. Mot. Compel at 1), and requesting "that the Court enter an order compelling Plaintiff to immediately provide the Defendant with copies of the Computer Discs." (Def. Mot. Compel at 5.) Defendant's Motion was referred to the Magistrate Judge and set for hearing on October 24, 2006.

In the interim, Plaintiff provided Defendant with a disc on October 19, 2006, which purported to be a copy of the disc referenced in Plaintiff's deposition. Based upon its examination of this disc, Defendant concluded that Plaintiff had copied not only the aforementioned weekly reports but also hundreds of additional documents from Defendant's computers. (Def. Mot. Continuance ¶ 1.) Moreover, an examination of the weekly report files indicated that those documents had been altered prior to their production to Defendant, calling into question the authenticity of the documents previously turned over in discovery. *Id.*

Based upon this newly acquired information, Defendant requested at the hearing on its Motion to Compel that Plaintiff provide the original discs that Plaintiff referred to in her deposition so that Defendant might compare them to the disc received on October 19, 2006, and determine what files had been copied from Defendant's computers and whether Plaintiff altered the documents provided in discovery. (Hr'g Tr. at 5-6.) Defendant also noted that the discs referred to by Plaintiff in her deposition might in fact be Defendant's discs. (Hr'g Tr. at 7.) Plaintiff, in turn, asserted repeatedly that Plaintiff had complied with all discovery requests, (Hr'g Tr. at 20), and expressed concern that the discs might contain personal information

unrelated to the case. (Hr'g Tr. at 24.)

Following the hearing, the Magistrate Judge issued an Order on October 24, 2006, granting Defendant's Motion to Compel with regard to the discs. The Order provided:

> The Court finds the original discs shall be produced to Defendant at the office of counsel for Defendant at 9:30 a.m. on the 31st of October, 2006. Counsel for both Defendant and Plaintiff shall be allowed to be present to observe the inspection by computer expert and copying of the discs. No modification is to be made to the discs. Any information that does not pertain to the Ambassador Hotel or to this lawsuit shall not be copied. Any filed copied from the Ambassador Hotel computer are deemed relevant to this lawsuit.

(Order at 2.)

On October 31, 2006, counsel for Plaintiff appeared at the office of Defendant's counsel and apparently produced two compact discs, labeled "Outlook" and "My Documents." (Def. Mot. Continuance ¶ 3.) However, counsel for Plaintiff refused to allow Defendant's computer expert, Dr. Gavin Manes, to make forensic copies of the entire discs, arguing that certain documents contained therein may not have been copied from Defendant's computers and therefore were not relevant to the case. (Def. Mot. Continuance ¶ 4.) Nevertheless, Plaintiff's counsel did permit Defendant's expert to copy the directories on the discs. (Def. Mot. Continuance ¶ 5.)    Although Dr. Manes, could not determine where and when the discs were created without forensic copies,  (Manes Aff. ¶ 6), Dr. Manes did conclude (1) that the discs could not have been made as backups from Defendant's computers based on the sheer amount of information contained therein and the lack of a CD writer on Defendant's computers, (Manes Aff. ¶ 7), and (2) that one of the discs contained ACT software and files relating to Defendant's sales contracts. (Manes Aff. ¶ 8.) According to Defendant's current Sales Director, the files

created with the ACT software contain confidential and proprietary information.  ( Fuhrman Aff. ¶ 3.)

To resolve the lingering questions regarding the nature and scope of the information Plaintiff copied from Defendant's computers, as well as when such information was copied, Defendant now seeks a continuance of this case so that it may conduct additional discovery. (Def. Mot. Continuance ¶ 8.)  Specifically, Defendant seeks to depose Plaintiff regarding "how and when Plaintiff made copies of any TAH computer, from what source she made the CDs produced for inspection on October 31, 2006, which documents on the CDs came from a TAH computer, and where she has stored copies of TAH computer files."  (Def. Mot. Continuance ¶ 9.)  In addition, Defendant seeks forensic copies of the discs purporting to be the original discs Plaintiff refers to in her deposition. (Def. Mot. Continuance ¶ 10.)  Defendant asserts that its Motion is not made for the purpose of delay and will not prejudice Plaintiff.  (Def. Mot. Continuance ¶ 12.)

## Discussion

"Motions for continuance are addressed to the sound discretion of the trial court." *Robinson v. U.S.*, 718 F.2d 336, 338 n.1 (10th Cir. 1983).  From the facts in the record, it appears that Defendant first became aware that Plaintiff had copied potentially confidential and proprietary computer files from Defendant's computer at Plaintiff's deposition on August 24, 2006, approximately one month before the discovery cutoff in this case.  The disc Plaintiff submitted to Defendant on October 19, 2006, and the discs subsequently produced for inspection and copying pursuant to the Magistrate Judge's Order on October 31, 2006, have only served to raise further questions regarding what information Plaintiff copied from Defendant's computers, as well as how and when Plaintiff copied the information.

In arguing against a continuance, Plaintiff first asserts that Defendant has presented "an *incorrect* picture of the background," (Def. Resp. ¶ 3), in relation to whether Plaintiff used a desktop or laptop and which computer was the source of the disc. The Court, however, fails to see the relevance of Plaintiff's assertion to the issue of whether a continuance should be granted in this case. Plaintiff also renews his assertion that the discs contain both personal and business information, and that such personal information should not be copied. (Def. Resp. ¶ 4.) Again, although such concerns might affect the scope of new discovery relating to Plaintiff's discs *if the case is continued*, such an argument does not directly address whether the discovery dispute here is sufficient reason to continue this case. Finally, and most relevant to Defendant's Motion, Plaintiff argues that "Defendant...'wishes' to reopen discovery on a number of fronts that could have been explored before." (Def. Resp. ¶ 6.) As noted above, however, Defendant only learned of the existence of the discs that are the subject of the current discovery dispute one month before close of discovery. Moreover, the disc that Plaintiff provided to Defendant on October 19, 2006, less than one month before trial and after the close of discovery, was the first concrete piece of evidence indicating that Plaintiff may have inappropriately copied files other than weekly reports mentioned in her deposition. Thus, the Court concludes Defendant could not have explored this matter fully before trial.

Instead, given Defendant's legitimate interest in information that, at a minimum, could be relevant to the affirmative defense of after-acquired evidence and the Court's desire to have all discovery disputes resolved prior to the commencement of trial, the Court find that Defendant's Motion for Continuance should be granted.

## Conclusion

Defendant's Motion for Continuance of Trial Date is hereby GRANTED. Trial will be

reset to February docket.

James H. Payne
United States District Judge
Northern District of Oklahoma