IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANCOISE CHRISTOPHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-500-JHP-SAJ |
| | ) | |
| TULSA AMBASSADOR HOTEL, L.L.C., | ) | |
| an Oklahoma Limited Liability Company | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Objection to the Magistrate Judge's Order of October 24, 2006. For the reasons set forth below, the Magistrate Judge's Order is AFFIRMED.

**Background**

This case involves employment discrimination and harassment claims brought by Plaintiff Francoise Christopher against Defendant Tulsa Ambassador Hotel. In the course of discovery, Defendant took Plaintiff's deposition on August 24, 2006. During her deposition, Plaintiff admitted to having copied files from Defendant's computers onto several computer discs. (Christopher Dep. 214-215). Plaintiff also admitted to having removed at least one disc from Defendant's computer upon her termination. (Christopher Dep. 176.) These discs were apparently the source of certain weekly reports allegedly prepared by Plaintiff while an employee with Defendant and produced previously as part of Defendant's discovery requests. *Id.* In response to Plaintiff's statements, counsel for Defendant specifically informed counsel for Plaintiff that "[Defendant] would like to have the disc." *Id.*

After making numerous subsequent requests for copies of these discs, Defendant

eventually filed a Motion to Compel on October 16, 2006, noting that Plaintiff had failed to produce "[t]he computer discs she made at [Tulsa Ambassador Hotel] containing weekly marketing reports," (Def. Mot. Compel 1), and requesting "that the Court enter an order compelling Plaintiff to immediately provide the Defendant with copies of the Computer Discs" (Def. Mot. Compel 5). Defendant's Motion was referred to the Magistrate Judge Sam A. Joyner and set for hearing on October 24, 2006. In the interim, Plaintiff provided Defendant with a single disc on October 19, 2006, which was purported to be a copy of the disc referenced in Plaintiff's deposition. Based upon its examination of this disc, Defendant concluded that Plaintiff had copied not just the aforementioned weekly reports but the entire hard drive from Defendant's computer. (Hr'g Tr. Def.'s Mot. Compel 5.) Moreover, Defendant alleged that an examination of the weekly reports indicated that those documents had been altered prior to their production to Defendant, calling into question the authenticity of the documents previously turned over in discovery. *Id*.

On October 24, 2006, the Magistrate Judge held a hearing and heard oral arguments from both parties concerning Defendant's Motion to Compel. During the course of oral arguments, Defendant revealed that it had attempted to obtain either the discs Plaintiff made or copies thereof on at least three separate occasions: first at Plaintiff's August 24 deposition, when the existence of the discs was first disclosed, and later by letters dated September 20, 2006, and October 6, 2006. (Hr'g Tr. Def.'s Mot. Compel 4.) Counsel for Defendant also noted that it had contacted counsel for Plaintiff and attempted to resolve the situation, but was unable to arrange a timely meeting for that purpose. *Id*. Finally, Defendant addressed its new concerns relating to the information contained on the disc provided by Plaintiff on October 19, 2006. (Hr'g Tr. Def.'s Mot. Compel 5.) In light of its past requests and the newly discovered evidence regarding

Plaintiff's alleged misappropriation and modification of Defendant's proprietary information, Defendant requested that Plaintiff provide the original discs for purposes of comparison. (Hr'g Tr. Def.'s Mot. Compel 5-6.)

Counsel for Plaintiff, in turn, claimed that Defendant had not requested copies of the original disc in its discovery requests, only specific documents contained thereon, including weekly marketing reports that Plaintiff disclosed in response to discovery. (Hr'g Tr. Def.'s Mot. Compel 7, 9, 20.) Moreover, in spite of Plaintiff's clear statements to the contrary in her deposition, counsel for Plaintiff challenged the existence of multiple discs, arguing instead that the "disc" Plaintiff referred to was her hard drive (Hr'g Tr. Def.'s Mot. Compel 8) and admitting that the disc provided by Plaintiff to Defendant on October 19, 2006, as well as the weekly reports Plaintiff had previously submitted in response to Defendant's discovery requests, were copies of or printed from Plaintiff's hard drive. (Hr'g Tr. Def.'s Mot. Compel 8-9.) Plaintiff's counsel expressed concern about Defendant "going to [Plaintiff's] house" and seeing "things on the computer that don't relate to this [case] at all." (Hr'g Tr. Def.'s Mot. Compel 8.)

Nevertheless, the Magistrate Judge determined that "all [Defendant] want[s]...[are] the dis[c]s [Plaintiff] referenced...[in] her deposition, the originals." (Hr'g Tr. Def.'s Mot. Compel 17.) In his order, issued the same day as the hearing, the Magistrate Judge noted that he had "read the submissions [of the parties] and considered the arguments made at hearing." (Magistrate Judge's Order 1.) In his findings, after briefly recapping Defendants arguments at the hearing, the Magistrate Judge stated as follows:

> The Court finds the original discs shall be produced to Defendant at the office of counsel for Defendant at 9:30 a.m. on the 31st of October, 2006. Counsel for both Defendant and Plaintiff shall be allowed to be present to observe the inspection by computer expert and

    copying of the discs. No modification is to be made to the discs. Any information that does not pertain to the Ambassador Hotel or to this lawsuit shall not be copied. Any files copied from the Ambassador Hotel computer are deemed relevant to this lawsuit.

(Magistrate Judge's Order 2.) The Magistrate Judge also observed that "[c]ounsel for Plaintiff made an oral motion requesting parallel document production [at the hearing]...[and] was advised to file a written motion to compel." *Id.*

  Plaintiff filed a timely objection to the Magistrate Judge's Order with this Court on November 11, 2006, alleging that the Magistrate Judge had abused his discretion in granting Defendant's Motion to Compel and ordering the production of the original discs, as well as in declining to accept Plaintiff's oral motion, made at the hearing, to compel production of documents it alleged had been withheld by Defendant and instead insisting Plaintiff file a written motion. The Court addresses Plaintiff's arguments below.

## **Discussion**

  With certain enumerated exceptions not relevant in this case, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). Nevertheless, "[a] judge of the court may reconsider any pretrial matter...where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Similarly, Rule 72(a) of the Federal Rules of Civil Procedure provides that "[a] magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter." Rule 72(a) gives the parties 10 days from service of the magistrate judge's order in which to "serve and file objections to the order." *Id.* If an objection is filed, "[t]he district judge to whom the case is

assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id*. "The clearly erroneous standard...requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff first argues that the Magistrate Judge's ruling that Plaintiff be required to produce the original discs for examination and copying constituted an abuse of discretion. As Plaintiff correctly notes, "[c]ontrol of discovery...lies in the sound discretion of the district court." *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001). In arguing that the Magistrate Judge nevertheless abused his discretion in ordering Plaintiff to provide for examination and copying the original discs upon which Plaintiff made copies of Defendant's files, Plaintiff contends that although the Magistrate Judge "heard arguments and set forth the history of the issue to be decided" (Pl.'s Objection ¶ 1), the Magistrate Judge failed to make findings of fact or give a rationale "as to the exercise of sound discretion." *Id*. Thus, according to Plaintiff, the Magistrate Judge's ruling constituted an abuse of discretion because "mak[ing] a decision without giving...reasons...in and of itself is an abuse of discretion." *Id*. In support of this proposition, Plaintiff cites *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006).

In *Trujillo*, the Tenth Circuit reviewed in part a district court's dismissal of a *pro se* prisoner's complaint for lack of personal jurisdiction and improper venue according to an abuse of discretion standard. *Id*. at ___. The Tenth Circuit noted that "after the enactment of [28 U.S.C. § 1631], where the court determines it lacks jurisdiction and the interests of justice require transfer rather than dismissal, '[t]he correct course...[is] to transfer the action pursuant to

[§ 1631].'" *Id*. at ___ (quoting *Ross v. Colorado Outward Bound School, Inc.*, 822 F.2d 1524 (10th Cir. 1987)).  Instead, the Tenth Circuit observed that "[w]hile the [district] court noted it had jurisdiction under [28 U.S.C. § 1406(a)] to transfer or dismiss Mr. Trujillo's claims against the...defendants for lack of venue...[t]here is no indication that the district court actually evaluated the possibility of transferring Mr. Trujillo's claims under § 1631, and it provided no reasons for dismissing rather than transferring pursuant to § 1406(a)." *Id*. at ___.  As a result, the Tenth Circuit concluded that "[w]here as here, '[a] district court...does not exercise its discretion, or makes a decision without providing reasons, [it] abuses that discretion.'" *Id*. at ___ (quoting *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1459 (10th Cir. 1995)).

The Court first notes that Plaintiff has apparently conflated the abuse of discretion standard, applied by appellate courts reviewing a district court's exercise of discretion, and the clearly erroneous standard mandated by 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) when a trial court considers an objection to a magistrate judge's order on a nondispositive motion.  In *Allen v. Sybase, Inc.*, No. 04-4045, 2006 WL 3020595 (10th Cir. October 25, 2006), while addressing the appeal of a district court's review of a magistrate judge's ruling under § 636(b)(1)(A), the Tenth Circuit seemed to draw a distinction between the clearly erroneous standard, as set forth in *Ocelot*, and the abuse of discretion standard.  The Tenth Circuit noted that under the latter standard, a trial court's decision will not be reversed "'unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Id*. at ___ (quoting *Bryant v. Farmers Ins. Ech.*, 432 F.3d 1114, 1122 (10th Cir. 2005).

Nevertheless, the Court finds it need not concern itself with any distinction between these two standards because applying either standard the Court would uphold the Magistrate Judge's

Order.  From the face of the Magistrate Judge's Order and the transcripts of the hearing, it is clear that the Magistrate Judge fully considered the arguments of the parties and found Defendant's to be the more persuasive.  Both the Magistrate Judge's Order and statements at the hearing indicate the Magistrate Judge's explicit or implicit finding that Defendant (1) had previously requested that Plaintiff produce either the original discs Plaintiff had made from Defendant's computer or copies thereof; (2) that the disc produced by Plaintiff on October 19, 2006, which may have been a copy of Plaintiff's hard drive rather than a copy of the original discs referenced in Plaintiff's deposition, indicated that Plaintiff may have copied additional information from Defendant's computer beyond what had previously been disclosed, and (3) that the information on Plaintiff's discs related to Plaintiff's employment was therefore relevant to the case.  As a result, and presumably to avoid any further disputes concerning the nature, source, and integrity of any copies of the discs that Defendant might receive, the Magistrate Judge ordered Plaintiff to produce the original discs, referred to and initially requested by Defendant during Plaintiff's deposition, for examination and copying.  Thus, this is not a case in which the Magistrate Judge "[did] not exercise [his] discretion" or "ma[de] a decision without providing reasons."  *Trujillo v. Williams*, 465 F.3d at ___.  Instead, the terms of the order reflect a sensitivity to both the arguments of Defendant and the concerns of Plaintiff, indicating the sound exercise of discretion.  Thus, Plaintiff has failed to establish within the Court "a definite and firm conviction that a mistake has been committed."  *Ocelot*, 847 F.2d at 1464.  Given the wide discretion a judge possesses in resolving discovery disputes, the Court simply cannot conclude that the Magistrate Judge's decision is either an abuse of discretion or "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A);  Fed. R. Civ. P. 72(a).

Plaintiff also claims that the Magistrate Judge improperly denied Plaintiff's oral motion

requesting parallel document production by requiring Plaintiff to submit a written motion. Plaintiff's argument is premised on its assertion that "[t]he magistrate judge, upon determining that everything asked for had been produced, then 'granted' the motion as to original dis[c]s, which were first requested at the hearing." (Pl.'s Objection ¶ 2.) According to Plaintiff, "Defendant made an oral motion which was granted; Plaintiff made an oral motion and was told to file the paperwork." (Pl.'s Objection ¶ 2.) Based upon an argument colorfully termed the "sauce for the goose/sauce for the gander problem" (Pl.'s Objection ¶ 2), Plaintiff contends that by granting what Plaintiff sees as Defendant's oral motion to compel production of the original discs while requiring Plaintiff to submit a written motion requesting parallel production, the Magistrate Judge somehow discriminated against Plaintiff without providing a sufficient rationale for doing so.

Unfortunately for Plaintiff, neither the record in this case nor the Magistrate Judge's Order support Plaintiff's characterization of events. As noted above, Plaintiff's deposition of August 24, 2006, clearly reflects that Defendant requested the production of the discs for the first time upon the initial disclosure of their existence by Plaintiff. Furthermore, Defendant makes additional requests for copies of the discs by letter on September 20, 2006, and October 6, 2006. Finally, in its Motion to Compel, although Defendant ultimately requests "that the Court enter an order compelling Plaintiff to immediately provide the Defendant with copies of the Computer Discs" (Def. Mot. Compel 5), Defendant nevertheless notes that Plaintiff had failed to produce "[t]he computer discs she made at [Tulsa Ambassador Hotel] containing weekly marketing reports" (Def. Mot. Compel 1). Thus, the record reveals that Defendant had specifically requested both the original disc and copies thereof prior to the hearing on Defendant's Motion to Compel and was not requesting production of the original discs for the first time during the

hearing.

Moreover, the Magistrate Judge's Order does not require that Plaintiff simply hand over the original discs to Defendant. Instead, the Order requires that Plaintiff produce the original discs referred to in Plaintiff's August 24 deposition for purposes of "inspection by computer expert and copying." (Magistrate Judge's Order 2.) Given that Plaintiff's counsel admitted at the hearing to not having produced for Defendant copies of the discs referred to in Plaintiff's deposition, as well as the new concerns raised with modification of files, the Magistrate Judge was well within his discretion to order that the original discs be produced for copying so that all parties could be satisfied as to the authenticity and integrity of the copies provided. Moreover, the Magistrate Judge effectively granted precisely what had been requested by Defendant in its Motion to Compel: copies of the original discs.

In contrast, Plaintiff's oral motion to compel was made during a hearing on a different motion, without the benefit of arguments, briefs, and supporting evidence that the Magistrate Judge possessed in considering Defendant's Motion to Compel. In ordering Plaintiff to submit her own motion in writing, the Magistrate Judge did nothing more than ensure an opportunity for a developed record upon which to base a ruling on Plaintiff's motion. Thus, the Court finds the Magistrate Judge's decision to require Plaintiff to file a written motion to compel, rather than ruling on Plaintiff's oral request made without evidence or extensive argument at the hearing on a separate motion, was neither clearly erroneous nor contrary to law.

Finally, after once again characterizing the Magistrate Judge's Order as a ruling on "Defendant's first-time, oral motion for discovery and calling it a granting of the motion to compel" (Pl.'s Objection ¶ 3), Plaintiff argues that the Magistrate Judge's decision to grant Defendant's motion without a "meet and confer" as required by Local Civil Rule 37.1 was an

abuse of discretion, because the Magistrate Judge did not state on the record its reasons for waiving the requirements of the local rule. *Id.* Local Civil Rule 37.1 provides that the Court "shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." Local Civil Rule 37.1 also provides that "no personal conference shall be required where the movant's counsel represents to the Court in writing that movant's counsel has conferred with opposing counsel by telephone and...the motion or objection arises from failure to timely make a discovery response."

The Court observes that Defendant's Motion clearly states that "[p]ursuant to...Local Civil Rule 37.1, Defendant's counsel contacted counsel for the Plaintiff in a phone call on October 5, 2006 to schedule a formal discussion of the outstanding discovery and avoid the involvement of the court." (Def.'s Mot. Compel 3-4.) Nevertheless, "counsel for Plaintiff claimed that he would not be available to discuss with Defendant's counsel until Wednesday, October 18, 2006—several days after the parties' exhibit lists were due and nearly two weeks from the date of the phone call requesting a conference." The Court concludes that Defendant's Motion to Compel sets forth in writing its good faith attempt to confer with Plaintiff by telephone with regard to untimely discovery requests as required by Local Civil Rule 37.1. Thus, the Magistrate Judge's decision to rule upon Defendant's Motion to Compel was not a violation of Local Civil Rule 37.1, and was neither clearly erroneous nor contrary to law.

## Conclusion

Having thoroughly reviewed the Magistrate Judge's Order on Defendant's Motion to Compel and Plaintiff's Objection thereto, as well as the transcript and other relevant documents in the record, the Court concludes that the Magistrate Judge's Order was not "clearly erroneous

or contrary to law" within the meaning of Rule 72(a) of the Federal Rules of Civil Procedure.

The Magistrate Judge's Order is therefore AFFIRMED.

IT IS SO ORDERED this 11th day of December 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma