IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FRANCOISE CHRISTOPHER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-500-JHP-SAJ |
| | ) | |
| **TULSA AMBASSADOR HOTEL, L.L.C.,** | ) | |
| **an Oklahoma Limited Liability Company** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND OPINION

Before the Court is Defendant's Motion to Reopen Discovery pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Plaintiff's Response thereto. For the reasons stated herein, Defendant's Motion is GRANTED in part.

## Background

This case involves employment discrimination and harassment claims brought by Plaintiff Francoise Christopher against Defendant Tulsa Ambassador Hotel. In the course of discovery, Defendant took Plaintiff's deposition on August 24, 2006. During her deposition, Plaintiff admitted to having copied files from Defendant's computers onto several computer discs. (Christopher Dep. 214-215). Plaintiff also admitted to having removed at least one disc from Defendant's computer upon her termination. (Christopher Dep. 176.) These discs were apparently the source of certain weekly reports allegedly prepared by Plaintiff while an employee with Defendant and produced previously as part of Defendant's discovery requests. *Id.* In response to Plaintiff's statements, counsel for Defendant specifically informed counsel for Plaintiff that "[Defendant] would like to have the disc." *Id.*

After making numerous subsequent requests for copies of these discs, Defendant eventually filed a Motion to Compel on October 16, 2006, noting that Plaintiff had failed to produce "[t]he computer discs she made at [Tulsa Ambassador Hotel] containing weekly marketing reports," (Def. Mot. Compel at 1), and requesting "that the Court enter an order compelling Plaintiff to immediately provide the Defendant with copies of the Computer Discs." (Def. Mot. Compel at 5.)  Defendant's Motion was referred to the Magistrate Judge Sam A. Joyner and set for hearing on October 24, 2006.  In the interim, Plaintiff provided Defendant with a single disc on October 19, 2006, which purported to be a copy of the disc referenced in Plaintiff's deposition.  Based upon its examination of this disc, Defendant concluded that Plaintiff had copied not just the aforementioned weekly reports but the entire hard drive from Defendant's computer.  (Hr'g Tr. Def.'s Mot. Compel 5.)  Moreover, an examination of the weekly reports indicated that those documents had been altered prior to their production to Defendant, calling into question the authenticity of the documents previously turned over in discovery.  *Id*.

At the hearing on its Motion to Compel, Defendant raised this newly acquired information and requested that Plaintiff provide the original discs that Plaintiff referred to in her deposition so that Defendant might compare them to the disc received on October 19, 2006, and determine what files had been copied from Defendant's computers and whether Plaintiff altered the documents provided in discovery.  (Hr'g Tr. Def.'s Mot. Compel 5-6.)  Defendant also noted that the discs referred to by Plaintiff in her deposition might in fact be Defendant's discs.  (Hr'g Tr. Def.'s Mot. Compel 7.)  Plaintiff, in turn, asserted repeatedly that Plaintiff had complied with all discovery requests, (Hr'g Tr. Def.'s Mot. Compel 20), and expressed concern that the discs might contain personal information unrelated to the case. (Hr'g Tr. Def.'s Mot. Compel 24.)

Following the hearing, the Magistrate Judge issued an Order on October 24, 2006, granting Defendant's Motion to Compel with regard to the discs. The Order provided:

> The Court finds the original discs shall be produced to Defendant at the office of counsel for Defendant at 9:30 a.m. on the 31st of October, 2006. Counsel for both Defendant and Plaintiff shall be allowed to be present to observe the inspection by computer expert and copying of the discs. No modification is to be made to the discs. Any information that does not pertain to the Ambassador Hotel or to this lawsuit shall not be copied. Any files copied from the Ambassador Hotel computer are deemed relevant to this lawsuit.

(Order at 2.)

On October 31, 2006, counsel for Plaintiff appeared at the office of counsel for Defendant and apparently produced two compact discs. Although counsel for Plaintiff refused to allow Defendant's computer expert, Dr. Gavin Manes, to copy the entirety of both discs, counsel for Plaintiff did permit Dr. Manes to copy the disc directories. Although Dr. Manes could not determine where and when the discs were created without forensic copies, (Manes Aff. ¶ 6), Dr. Manes did conclude (1) that the discs could not have been made as backups from Defendant's computers based on the sheer amount of information contained therein and the lack of a CD writer on Defendant's computers (Manes Aff. ¶ 7), and (2) that one of the discs contained certain software and files relating to Defendant's sales contracts (Manes Aff. ¶ 8). According to Defendant's current Sales Director, Patty Fuhrman, the files created with this software contain confidential and proprietary information of Defendant. (Fuhrman Aff. ¶ 3.)

On November 3, 2006, Defendant filed a Motion for Continuance of Trial Date with this Court, seeking additional time to resolve the lingering questions regarding the nature and scope of the information Plaintiff copied from Defendant's computers, as well as when such

information was copied and how it was used or modified. The Court granted Defendant's Motion on November 11, 2006, continuing the trial date to February 20, 2006. Thereafter, Defendant filed the present Motion to Reopen Discovery on November 22, 2006. Defendant contends that based upon the U.S. Supreme Court's decision in *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995), Plaintiff's alleged "misconduct involving the misuse and misappropriation of [Defendant's] property would limit...her ability to receive front-pay and/or reinstatement as it would provide an independent ground for her termination" (Def.'s Mot. Reopen Disc. 2-3), but because "discovery was closed at the time this evidence came to light, [Defendant] has not been provided an opportunity to depose or require production specifically in regard to this particular area of discovery" (Def.'s Mot. Reopen Disc. 3). Thus, Defendant seeks to reopen discovery "to the issues involving Plaintiff's misuse, misappropriation and removal of [Defendant's] property." (Def.'s Mot. Reopen Disc. 4.) Defendant also requests that the Court "require Plaintiff to make herself available for deposition testimony...and that [Plaintiff] be required to respond to written discovery within 20 days of service." *Id.*

## Discussion

A scheduling order may be modified "upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b)(8). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987). Among the factors identified by the Tenth Circuit in determining whether discovery should be reopened include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of

      the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* Considering these factors, the Court concludes that discovery should be reopened in this case.

      As noted by Defendant, given the continuance already granted by the Court in this matter resetting the jury trial to February 20, 2006, trial is no longer imminent. Moreover, although Plaintiff opposes the motion, Plaintiff fails to identify any potential prejudice arising from the reopening of discovery. Instead, Plaintiff asserts that Defendant's motion gives "no consideration...to whether Plaintiff should similarly have time for discovery, whether limited to the single issue or as to all issues, as requested by Plaintiff" (Pl.'s Resp. ¶ 1) and that Plaintiff "can foresee that issues will come up about the proper scope of discovery unless it is opened on all issues" (Pl.'s Resp. 1). Plaintiff's request that discovery be reopened as to all issues, however, is better suited to a separate motion rather than a response to Defendant's motion. *See* LCvR 7.2(e) ("A response to a motion may not also include a motion or a cross-motion made by the responding party.") Moreover, to the extent that discovery disputes arise and the parties are unable to resolve them on their own, the parties are free to bring those disputes before the Court via motion.

      In addition, the record in this case reveals that once Defendant was made aware at Plaintiff's deposition that Plaintiff may have removed discs or documents relating to her employment with Defendant, Defendant attempted to pursue discovery within the guidelines established by the Court's discovery order. Likewise, the fact that Defendant came to suspect the nature and scope of Plaintiff's alleged misappropriation of Defendant's documents only after reviewing the disc provided by Plaintiff on October 19, 2006, indicates that it was not

foreseeable that Plaintiff would need significant additional discovery prior to that time. Finally, as noted above, Defendant seeks to discover information relating to Plaintiff's misuse, misappropriation, and removal of Defendant's property. Because discovery relating to such matters could give rise to an after acquired evidence defense under *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 355 (1995) to Plaintiff's requests for front pay and reinstatement, such discovery, if fruitful, is likely to lead to evidence relevant to the issues in this case.

Finally, Plaintiff argues that she "has filed objections to the discovery order relative to these matters...[and] [f]urther discovery would be inappropriate until the appeal is resolved." (Pl.'s Resp. ¶ 6.) Given that this Court has also today issued an order affirming the Magistrate Judge's discovery order, however, the Court finds that Plaintiff's argument on this point is moot.

Instead, for good cause shown, the Court finds that the Scheduling Order in this case should be amended and discovery reopened for the limited purpose of determining the nature and scope of any property, documents, or information, electronic or otherwise, that Plaintiff removed from Defendant's premises either before or subsequent to Plaintiff's termination, as well as the uses to which Plaintiff has put such property or information. Per Defendant's request, and in light of the Court's desire to efficiently resolve any discovery issues, the Court orders Plaintiff to make herself available to be deposed by December 22, 2006, and that Plaintiff respond to any written discovery requests within 20 days of service.

## Conclusion

For the reasons set forth above, Defendant's Motion to Reopen Discovery is hereby GRANTED in part. Discovery will be limited to those requests necessary to determine the

nature and scope of any property, documents, or information, electronic or otherwise, that Plaintiff removed from Defendant's premises either before or subsequent to Plaintiff's termination, as well as the uses to which Plaintiff has put such property or information. The Court ORDERS that Plaintiff make herself available to be deposed by December 22, 2006. The Court further ORDERS that Plaintiff respond to any written discovery requests from Defendant within 20 days of service of such requests. The Scheduling Order shall be amended as follows:

1. 1-16-2007 NEW DISCOVERY CUTOFF

2. 1-18-2007 EXCHANGE OF ALL EXHIBITS TO BE LISTED IN PRETRIAL ORDER

3. 1-18-2007 EXCHANGE OF DEMONSTRATIVE EXHIBITS/AIDS

4. 1-18-2007 PARTIES TO EXCHANGE REQUESTED JURY INSTRUCTIONS

5. 1-25-2007 COUNTER-DESIGNATIONS

6. 1-25-2007 AGREED PRETRIAL ORDER DUE. Parties shall provide the Court a courtesy copy of the Pretrial Order.

7. 1-25-2007 AGREED JURY INSTRUCTIONS DUE. Disputed Jury Instructions issues to be addressed in Trial Briefs.

8. 2-1-2007 OBJECTIONS TO DESIGNATIONS AND COUNTER-DESIGNATIONS. Entire deposition and/or video must be submitted with objections

9. 2-1-2007 PRETRIAL CONFERENCE at 9:30 a.m.

10 2-20-2007 JURY TRIAL at 9:30 a.m.

IT IS SO ORDERED this 11th day of December 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma